HAZELTINE RESEARCH, INC., ET AL. *v.* BRENNER, COMMISSIONER OF PATENTS.

No. 57. Argued November 17, 1965.—Decided December 8, 1965.

*Laurence B. Dodds* argued the cause for petitioners. With him on the briefs was *George R. Jones.*

*J. William Doolittle* argued the cause for respondent. On the brief were *Solicitor General Marshall, Assistant Attorney General Douglas* and *Lawrence R. Schneider.*

*Irwin M. Aisenberg* filed a brief, as *amicus curiae,* urging reversal.

MR. JUSTICE BLACK delivered the opinion of the Court.

The sole question presented here is whether an application for patent pending in the Patent Office at the time a second application is filed constitutes part of the "prior art" as that term is used in 35 U. S. C. § 103 (1964 ed.), which reads in part:

> "A patent may not be obtained . . . if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art . . . ."

The question arose in this way. On December 23, 1957, petitioner Robert Regis filed an application for a

patent on a new and useful improvement on a micro-wave switch. On June 24, 1959, the Patent Examiner denied Regis' application on the ground that the invention was not one which was new or unobvious in light of the prior art and thus did not meet the standards set forth in § 103. The Examiner said that the invention was unpatentable because of the joint effect of the disclosures made by patents previously issued, one to Carlson (No. 2,491,644) and one to Wallace (No. 2,822,526). The Carlson patent had been issued on December 20, 1949, over eight years prior to Regis' application, and that patent is admittedly a part of the prior art insofar as Regis' invention is concerned. The Wallace patent, however, was pending in the Patent Office when the Regis application was filed. The Wallace application had been pending since March 24, 1954, nearly three years and nine months before Regis filed his application and the Wallace patent was issued on February 4, 1958, 43 days after Regis filed his application.[1]

After the Patent Examiner refused to issue the patent, Regis appealed to the Patent Office Board of Appeals on the ground that the Wallace patent could not be properly considered a part of the prior art because it had been a "co-pending patent" and its disclosures were secret and not known to the public. The Board of Appeals rejected this argument and affirmed the decision of the Patent Examiner. Regis and Hazeltine, which had an interest as assignee, then instituted the present action in the District Court pursuant to 35 U. S. C. § 145 (1964 ed.) to compel the Commissioner to issue the patent. The District Court agreed with the Patent Office that the co-pending Wallace application was a part of the prior art

---

[1] It is not disputed that Regis' alleged invention, as well as his application, was made after Wallace's application was filed. There is, therefore, no question of priority of invention before us.

and directed that the complaint be dismissed. 226 F. Supp. 459. On appeal the Court of Appeals affirmed *per curiam.* 119 U. S. App. D. C. 261, 340 F. 2d 786. We granted certiorari to decide the question of whether a co-pending application is included in the prior art, as that term is used in 35 U. S. C. § 103. 380 U. S. 960.

Petitioners' primary contention is that the term "prior art," as used in § 103, really means only art previously publicly known. In support of this position they refer to a statement in the legislative history which indicates that prior art means "what was known before as described in section 102." [2] They contend that the use of the word "known" indicates that Congress intended prior art to include only inventions or discoveries which were already publicly known at the time an invention was made.

If petitioners are correct in their interpretation of "prior art," then the Wallace invention, which was not publicly known at the time the Regis application was filed, would not be prior art with regard to Regis' invention. This is true because at the time Regis filed his application the Wallace invention, although pending in the Patent Office, had never been made public and the Patent Office was forbidden by statute from disclosing to the public, except in special circumstances, anything contained in the application.[3]

The Commissioner, relying chiefly on *Alexander Milburn Co.* v. *Davis-Bournonville Co.,* 270 U. S. 390, contends that when a patent is issued, the disclosures contained in the patent become a part of the prior art as

---

[2] H. R. Rep. No. 1923, 82d Cong., 2d Sess., p. 7 (1952).

[3] 35 U. S. C. § 122 (1964 ed.) states: "Applications for patents shall be kept in confidence by the Patent Office and no information concerning the same given without authority of the applicant or owner unless necessary to carry out the provisions of any Act of Congress or in such special circumstances as may be determined by the Commissioner."

of the time the application was filed, not, as petitioners contend, at the time the patent is issued. In that case a patent was held invalid because, at the time it was applied for, there was already pending an application which completely and adequately described the invention. In holding that the issuance of a patent based on the first application barred the valid issuance of a patent based on the second application, Mr. Justice Holmes, speaking for the Court, said, "The delays of the patent office ought not to cut down the effect of what has been done. . . . [The first applicant] had taken steps that would make it public as soon as the Patent Office did its work, although, of course, amendments might be required of him before the end could be reached. We see no reason in the words or policy of the law for allowing [the second applicant] to profit by the delay . . . ." At p. 401.

In its revision of the patent laws in 1952, Congress showed its approval of the holding in *Milburn* by adopting 35 U. S. C. § 102 (e) (1964 ed.) which provides that a person shall be entitled to a patent unless "(e) the invention was described in a patent granted on an application for patent by another filed in the United States before the invention thereof by the applicant for patent." Petitioners suggest, however, that the question in this case is not answered by mere reference to § 102 (e), because in *Milburn*, which gave rise to that section, the copending applications described the same identical invention. But here the Regis invention is not precisely the same as that contained in the Wallace patent, but is only made obvious by the Wallace patent in light of the Carlson patent. We agree with the Commissioner that this distinction is without significance here. While we think petitioners' argument with regard to § 102 (e) is interesting, it provides no reason to depart from the plain holding and reasoning in the *Milburn* case. The basic rea-

soning upon which the Court decided the *Milburn* case applies equally well here. When Wallace filed his application, he had done what he could to add his disclosures to the prior art. The rest was up to the Patent Office. Had the Patent Office acted faster, had it issued Wallace's patent two months earlier, there would have been no question here. As Justice Holmes said in *Milburn*, "The delays of the patent office ought not to cut down the effect of what has been done." P. 401.

To adopt the result contended for by petitioners would create an area where patents are awarded for unpatentable advances in the art. We see no reason to read into § 103 a restricted definition of "prior art" which would lower standards of patentability to such an extent that there might exist two patents where the Congress has plainly directed that there should be only one.

*Affirmed.*