**Edwin E. HAYS and Wallace & Tiernan, Inc., Appellants,**

v.

**Edward J. BRENNER, Commissioner of Patents, Appellee.**

**No. 19711.**

United States Court of Appeals
District of Columbia Circuit.

Argued Jan. 14, 1966.

Decided Feb. 3, 1966.

Petition for Rehearing Denied
March 2, 1966.

Mr. Foster York, Chicago, Ill., with whom Messrs. J. William Pike and Harry W. F. Glemser, Washington, D. C., were on the brief, for appellants.

Mr. Joseph Schimmel, Acting Sol., U. S. Patent Office, was on the brief for appellee. Mr. C. W. Moore, Sol., U. S. Patent Office, at the time the brief was filed, also entered an appearance for appellee.

Before WRIGHT, McGOWAN and TAMM, Circuit Judges.

J. SKELLY WRIGHT, Circuit Judge:

The primary question presented by this appeal is whether the filing of a terminal disclaimer under 35 U.S.C. § 253 [1] may in appropriate cases obviate an objection to patentability based on obviousness under 35 U.S.C. § 103.[2] We hold that it may not. To the extent that Application of Robeson, 331 F.2d 610, 51 CCPA (Patents) 1271 (1964), and Application of Kaye, 332 F.2d 816, 51 CCPA (Patents) 1465 (1964), may hold otherwise, we respectfully disagree with the opinions in those cases.

Appellant Hays' patent application,[3] entitled "Pharmaceutically Effective Water Insoluble Derivative of Ephedrine and Propadrine," was denied by the Patent Office as unpatentable over the claims of a patent issued to Keating, a co-employee with Hays of appellant Wallace & Tiernan, Inc., the assignee of both the Hays application and the Keating patent. In connection with a petition for reconsideration of the decision of the Patent Of-

---

1. 35 U.S.C. § 253, in pertinent part, reads: "* * * [A]ny patentee or applicant may disclaim or dedicate to the public the entire term, or any terminal part of the term, of the patent granted or to be granted."

2. 35 U.S.C. § 103: "A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patent-ed and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made."

3. The Hays application discloses a pharmaceutical composition useful in the treatment of asthma. Appellant Wallace & Tiernan, Inc. is a drug manufacturer.

fice Board of Appeals, the applicant filed a terminal disclaimer [4] and asked that the Board remand the application on appeal to the Examiner for consideration thereof. The Board denied the petition for reconsideration, and the applicant filed a petition to the Commissioner to reopen the case in view of the filing of the terminal disclaimer. The petition to reopen was denied, citing Application of Siu, 222 F.2d 267, 42 CCPA (Patents) 864 (1955). Appellants' complaint in the District Court filed pursuant to 35 U.S.C. § 145 raised the issue of patentability under 35 U.S.C. § 103 as well as the effect of the terminal disclaimer filed under 35 U.S.C. § 253.

## I

As to the issue of obviousness under § 103, we have reiterated time and again that a presumption of validity accompanies the action of the Patent Office, and that a court should not interfere with that action "in the absence of new evidence carrying 'thorough conviction' that had not been considered by the Patent Office." Zenith Radio Corporation v. Ladd, 114 U.S.App.D.C. 54, 57, 310 F.2d 859, 862 (1962).[5] Here the action of the Patent Office denying the Hays application as obvious under § 103 is reinforced by the finding of the District Court to the same effect.[6] We affirm that finding. Rule 52(a), Fed.R.Civ.P.

## II

Appellants' principal effort before us is limited to showing that, while the Hays "invention" may be obvious under 35 U.S.C. § 103, "in any event the claims of Hays define a *different* and *significantly different invention* from the invention pointed out by the claims of Keating and thus the double patenting rejection is obviated by the terminal disclaimer." (Emphasis in appellants' brief.) In answering this contention, we find it unnecessary to undertake an analysis of the differences between the Keating patent and the Hays application, or to determine whether the Hays "invention" is different from the Keating invention. Since appellants' contention for patentability based on the filing of the terminal disclaimer assumes obviousness, § 103 is an absolute bar to the grant of a patent.

The 1952 amendment to 35 U.S.C. § 253, on which appellants rely, is not to the contrary. It simply provides, in pertinent part, that "any patentee or applicant may disclaim or dedicate to the public the entire term, or any terminal part of the term, of the patent granted or to be granted." Without any legislative history to support it, an argument is spun from this statute which would provide *sub silentio* an exception to the injunction of § 103 and allow, at best, double patenting in violation of 35 U.S.C. § 101 and, at worst, the patenting of "inventions" which would not "promote the Progress of Science and useful Arts." U.S.Const., Art. 1 § 8 [cl. 8].

The purpose of the 1952 amendment to § 253 apparently was to eliminate

4. The terminal disclaimer would terminate the Hays patent, if granted, on the same date as the Keating patent.

5. See also Reynolds v. Aghnides, 123 U.S.App.D.C. ——, 356 F.2d 367 (No. 19,669, decided January 20, 1966) (*per curiam*); Stieg v. Commissioner of Patents, 122 U.S.App.D.C. ——, 353 F.2d 899 (1965) (*per curiam*); Schafer v. Watson, 109 U.S.App.D.C. 360, 288 F.2d 144 (1961) (*per curiam*); Esso Standard Oil Company v. Sun Oil Company, 97 U.S.App.D.C. 154, 229 F.2d 37, cert. denied, 351 U.S. 973, 76 S.Ct. 1027, 100 L.Ed. 1491 (1956); General Motors Corporation v. Coe, 74 App.D.C. 189, 120 F.2d 736, cert. denied, 314 U.S. 688, 62 S.Ct. 302, 86 L.Ed. 550 (1941).

6. In *Zenith* we said: "However, as we have frequently stated, the findings of the Patent Office, an expert administrative body, especially when confirmed by the District Court, will not be overturned here unless clearly infected with error." 114 U.S.App.D.C. at 57, 310 F.2d at 862.

terminal problems in related patents issued to the same inventor on different days through no fault of his own. By filing a terminal disclaimer the terminal dates of the patents can be made the same. See Application of Siu, *supra*, 222 F.2d at 270 n. 2, 42 CCPA (Patents) at 867 n. 2. See also 1 DELLER, WALKER ON PATENTS § 62, p. 307 (2d ed. 1964). It certainly was not the purpose of the amendment to allow assignees of patents to improve and expand their patent positions by the expedient of limiting the monopoly to the terminal dates of prior patents.

Unfortunately, there is no legislative history explaining the purpose of the 1952 amendment adding the second paragraph to § 253. It has been suggested that "its proponents contemplated that it might be effective in some instances, in combatting a defense of double patenting * * *." Federico, *Commentary on the New Patent Act*, 35 U.S.C.A. p. 1, 49 (1954). While the proponents of the 1952 amendment may be responsible for the suggestion, apparently they were unable to have it included in the legislative history of the amendment or in the statute itself. Certainly such unsupported and unadopted suggestions cannot override the command of § 103 and the line of Supreme Court cases [7] which prohibit double patenting under any guise. "To adopt the result contended for by petitioners would create an area where patents are awarded for unpatentable advances in the art * * * [and] would lower standards of patentability to such an extent that there might exist two patents where the Congress has plainly directed that there should be only one." Hazeltine Research, Inc. v. Brenner, 382 U.S. 252, 86 S.Ct. 335, 15 L.Ed.2d 304 (1965).

Affirmed.

---

7. Miller v. Eagle Manufacturing Co., 151 U.S. 186, 14 S.Ct. 310, 38 L.Ed. 121 (1894); Underwood v. Gerber, 149 U.S. 224, 13 S.Ct. 854, 37 L.Ed. 710 (1893); Suffolk Company v. Hayden, 70 U.S. (3 Wall.) 315, 319, 18 L.Ed. 76 (1866).