**PRO–COL CORPORATION et al.,
Appellants,**

v.

**COMMISSIONER OF PATENTS.**

**No. 23767.**

United States Court of Appeals, District of Columbia Circuit.

Argued Sept. 15, 1970.

Decided Nov. 25, 1970.

Mr. Robert G. Weilacher, Washington, D. C., with whom Mr. Francis C. Browne, Washington, D. C., was on the brief, for appellants.

Mr. Fred W. Sherling, Washington, D. C., with whom S. Wm. Cochran, Acting Solicitor, was on the brief, for appellee.

Before WRIGHT and TAMM, Circuit Judges, and CHRISTENSEN,* U.S. District Judge, District of Utah.

PER CURIAM:

Here we are once again asked to overturn a determination by the Patent Office that an alleged invention "would have been obvious at the time [it] was made to a person having ordinary skill in the art * * *" 35 U.S.C. § 103 (1954).

Appellants seek to patent a free-flowing brown sugar having a moisture content in excess of two per cent [1] and containing from three to twelve per cent of finely divided cellulose. (J.A. 95.) A patent is also sought for the brown sugar product described above with a fatty flavoring material added. (*Id.*) Although the Patent Office granted appellants patents for their novel method of making these products, it denied the product claims themselves on the ground of obviousness. The District Court upheld the Patent Office after the required trial de novo, and we affirm its decision.

■ Previous decisions of this court clearly delineate the limited scope of our review of Patent Office actions and we need only touch on this subject. Because "the Patent Office [is] an expert body pre-eminently qualified to determine questions of this kind" (Esso Standard Oil Co. v. Sun Oil Co., 97 U.S. App.D.C. 154, 157, 229 F.2d 37, 40 (1956)), its conclusions are entitled to a strong presumption of validity. *E.g.*, Hays v. Brenner, 123 U.S.App.D.C. 96, 98, 357 F.2d 287, 289 (1966). This presumption of validity is reinforced where, as here, the District Court has sustained the Patent Office's action. Zenith Radio Corp. v. Ladd, 114 U.S.App.D.C. 54, 57, 310 F.2d 859, 862 (1962); Abbott v. Coe, 71 App.D.C. 195, 197–198, 109 F.2d 449, 451–452 (1939). In these circumstances we are authorized to reverse the decision entered below only if the Patent Office did not have "a rational basis for [its] conclusions" (*Id.* at 197, 109 F.2d at 451, quoting Mississippi Valley Barge Line Co. v. United States, 292 U.S. 282, 286–287, 54 S.Ct. 692, 78 L.Ed. 1260 (1934)) or if the appellants presented new evidence before the District Court which leads to a "thorough conviction" that they should prevail. Hays v. Brenner, *supra*, 123 U.S.App.D.C. at 98, 357 F.2d at 289; Zenith Radio Corp. v. Ladd, *supra*, 114 U.S.App.D.C. at 57, 310 F.2d at 862.

■ With regard to the first possibility, we feel there was clearly a rational basis for the Patent Office's conclusion that the appellants' products would have been obvious to the ordinary worker in the field. In reaching this conclusion the Patent Office relied upon only one reference Battista, Patent No. 3,023,104 (Feb. 27, 1962) [hereinafter "Battista" or "the reference"]. Although Battista is primarily concerned with reducing the calorie content of food compositions, it also discloses that the addition of finely divided cellulose to certain ingredients renders these ingredients dry and free-flowing. Thus, Example 10 of the reference indicates that a free-flowing peanut butter streussel type crumb is produced when cellulose crystallite aggregates are

---

* Sitting by designation pursuant to 28 U. S.C. § 292(c).

1. This is the normal moisture content of brown sugar.

mixed in a Hobart mixer and then combined with peanut butter. (J.A. 317.) The example does not say whether the intermediate composition of cellulose crystallite aggregates and brown sugar is free-flowing, but the Patent Office felt this inference to be a very logical one. (J.A. 273.)

The Patent Office also felt that the proportions of brown sugar and cellulose additive which the appellants used could be deduced from a study of Example 10. The ratio of brown sugar to cellulose additive given in appellants' patent application was different from that given in the example, and appellants submitted the report of an experiment which showed that mixing brown sugar and cellulose crystallite aggregates in the proportions given in Example 10 does not produce a free-flowing brown sugar product; the substance obtained from the experiment was free-flowing but had taken on the properties of the cellulose additive rather than those of the brown sugar. (J.A. 194) However, the Patent Office concluded that a person with ordinary skill in the field who had learned from Battista the free-flowing result attributable to the cellulose additive would have realized that free-flowing brown sugar could be produced by varying the proportions of brown sugar and cellulose given in Example 10. (J.A. 274–75.) In other words, it felt such a person would have recognized that the example was designed to produce low calorie peanut butter streussel, not free-flowing brown sugar, and would have acted accordingly.

The only remaining issue before the Patent Office was whether an ordinary worker in the field who was familiar with Battista would have been aware of a method by which brown sugar and finely divided cellulose could be mixed to produce a free-flowing brown sugar product. In the experiments relied upon by the appellants the only mixer used was a Hobart mixer, the one specified in the reference. Consequently, the Patent Office did not believe these experiments were a "fair representation of what can be done in accordance with the Battista disclosure by the application of ordinary skill in the mixing art." (J.A. 275.) It obviously thought it likely that one of the other mixing methods known in the industry could have been used to produce a free-flowing brown sugar.

On the basis of the above findings, the Patent Office concluded that the appellants' products would have been obvious to the ordinary worker in the field familiar with the prior art. Acknowledging the Patent Office's expertise in these matters, we feel it is beyond question that there was a rational basis for each of its findings and that its ultimate conclusion flows logically from these findings.

The evidence which the appellants presented before the District Court does not compel a result contrary to that reached by the Patent Office. We do not believe this evidence differs substantially from that submitted to the Patent Office. In any event, it is not sufficient to instill in us a "thorough conviction" that the decision entered below should be reversed. Accordingly, we affirm.

Affirmed.