# MEDICAL LABORATORY AUTOMATION, INC., Plaintiff,

v.

# LABCON, INC., and Ways & Means, Inc., Defendants.

## No. 77 C 1999.

United States District Court,
N. D. Illinois, E. D.

Sept. 11, 1980.

Paul L. Brown, Lloyd C. Root, Emrich, Root, O'Keefe & Lee, Chicago, Ill., William P. Keegan, Belle Harbor, N. Y., for plaintiff.

Robert C. Curfiss, Thomas E. Smith, Lee & Smith, Chicago, Ill., Martin F. Majestic, Hugh D. Finley, Phillips, Moore, Weissenberger, Lempio & Majestic, San Francisco, Cal., for defendants.

## MEMORANDUM OPINION AND ORDER

CROWLEY, District Judge.

This matter comes before the Court on defendants' motion for summary judgment. For reasons stated below, defendants' motion is granted.

Medical Laboratory Automation, Inc. (MLA), manufacturer of medical and laboratory equipment, brought this action against Ways & Means, Inc. and Labcon (collectively Labcon), its wholly owned subsidiary, alleging infringement of U.S. Patent No. 3,853,217 (the Scordato patent).[1] It seeks injunctive and compensatory relief. Labcon has counterclaimed, praying for dismissal of the complaint, declaration that the Scordato patent is invalid and that Labcon is not guilty of infringement. Jurisdiction is premised on 28 U.S.C. § 1331(a); 28 U.S.C. § 1400(b); and 35 U.S.C. § 271.

The invention covered by the Scordato patent was conceived by an MLA employee. It is a package of disposable tapered pipette tips mounted in self–supporting stacking trays, the tips projecting through openings in the tray into the top of the tips mounted in the tray below. Each tray has depending sidewalls extending downward. The package, based on a combination of compound nesting and stacking principles, is designed to fit the maximum number of tips and trays in a given volume. The Scordato

---

1. Plaintiff is assignee of all the rights to the Scordato patent and the Cohen patent, the two patents involved in this suit.

patent application was filed on August 9, 1972 and issued on December 10, 1974. At the time the Scordato patent was issued, a patent application for a similar pipette tray and tip structure, invented by another MLA employee, was pending in the U.S. Patent Office. This structure lacked the inwardly sloping walls described in the Scordato application. The Cohen application ripened into U.S. Patent No. 3,397,322 (the Cohen patent) on February 10, 1976.

The original Scordato application was based on nine claims. All nine claims were rejected by the Patent Office as being obvious in view of the pertinent prior art or dependent on the rejected claims.[2] In rejecting the claims the Examiner cited five U.S. Patents: Roach, U.S. Patent No. 3,494,201; Shapiro, U.S. Patent No. 3,039,881; Cooke, U.S. Patent No. 3,356,462; Vogt, U.S. Patent No. 2,779,526 and McMahan, U.S. Patent No. 2,478,412.[3] The claims were then extensively amended and new claims added.

Claim 1 is the sole independent claim. As initially written, it described the stacking of two trays holding tapered pipette tips with depending walls. This claim was rejected on the basis of Cooke, which discloses the shoulder construction utilized in the Scordato structure. Through a series of amendments, claim 1 was narrowed and inserted in lieu of the rejected claim.[4] As amended claim 1 retained the shoulder construction but added the angular relationship of the walls. Claim 1, incorporating the limitation of an inwardly inclined upper wall, was approved.

Labcon argues that the Scordato patent is invalid and unenforceable on three separate grounds. First, it asserts that under 35 U.S.C. § 103 the subject matter of the Scordato patent would have been obvious at the time of the invention to a person possessing ordinary skill in the art. Next, it avers that the subject matter constitutes an unpatentable aggregation of old elements with no change in their functions. Lastly, defendants contend MLA is guilty of fraud because it did not cite the Cohen structure as relevant prior art during the prosecution of the Scordato patent despite the fact that the Cohen structure had been publicly demonstrated in May, 1971, sold in July, 1971 and was a co-pending application in the Patent Office during the prosecution of the Scordato patent.

2. Claims 1 6 and 8 were rejected as obvious in view of prior art and claims 7 and 9 were rejected as depending from the rejected claims.

3. Four foreign patents were also cited: Cafag, Switzerland Patent No. 269,367; Kappeler, German Patent No. 1,129,884; Cease Central, French Patent No. 1,475,924; Pichoir, French Patent No. 1,152,305.

4. Claim 1 was incorporated into the added Claim 12. Claim 12 was subsequently rewritten as Claim 14. All the remaining claims are depending on Claim 14.

As approved, Claim 1 discloses:

*A package of pipette tips comprising a first tray having a planar tip supporting surface provided with a plurality of apertures through which pipette tips can project, a first group of tapered pipette tips projecting through the apertures of the tip supporting surface of said first tray, each of said tips having abutment means on the outside periphery of the tip for supporting the tip on the tip supporting surface of said first tray so that the lower part of said tip projects loosely through an aperture thereof, a second tray having a planar tip supporting surface provided with walls depending from the tip supporting surface of the tray a distance at least equal to the length of that portion of a pipette tip projecting through the tip supporting surface of the tray, each of said depending walls being provided with a shoulder below which the wall lies in a substantially vertical plane and above which the wall is inclined inwardly towards the tip supporting surface of the tray, said second tray being supported by the shoulders provided on the walls of said first tray, and a second group of tapered pipette tips projecting through the apertures of the tip supporting surface of said second tray, each of said tips having abutment means on the outside periphery of the tip for supporting the tip on the tip supporting surface of said second tray so that the lower part of said tip projects loosely through an aperture thereof, the position of the abutment means on said second group of pipette tips and the taper and the thickness of the wall of the pipette tips included in said first and said second tray of pipette tips is supported on said first tray of pipette tips the pipette tips supported by said second tray nest loosely in the pipette tips supported by said first tray.*

MLA contends, however, that the Scordato patent is entitled to a presumption of validity which Labcon has failed to overcome. It challenges Labcon's assertion that prior art teaches all the limitations of Scordato's independent claim except the depending walls "which ... [lie] in a substantially vertical plane and above which the wall is inclined inwardly towards the tip supporting surface of the tray." It asserts that none of the prior art teaches a structure which: 1) provides the maximum number of trays and tips within a given volume and position in a predetermined manner; 2) completely eliminates handling of the tips and trays; 3) provides for compound nesting and stacking of trays and tips; 4) prevents tipping through the use of interlocking parts; 5) protects the tips during storage and 6) permits sequential and simultaneous use of all trays and tips. It maintains that material issues of fact concerning the scope and teaching of the relevant prior art preclude summary disposition.

Pursuant to the local rules, the matter was referred to a magistrate. The magistrate found that the patent was not entitled to the normal presumption of validity because the most pertinent prior art was not considered during the prosecution of the patent in suit. He concurred with Labcon's proposed findings of fact and conclusions of law and stated that there were no genuine issues of material fact. He recommended that the patent in suit be found invalid under 35 U.S.C. § 103 because it is obvious in view of the Cohen structure and the teachings of Cooke, Cease, or Thomas. The magistrate did not address the issue of fraud, finding it unnecessary for resolution of the motion for summary judgment. Finally, the magistrate recommended that each party bear its own costs.

The Court has carefully examined the magistrate's report, the voluminous documents, affidavits, depositions and exhibits, including the complete file wrapper of the patent at issue, all the prior pertinent art and the thorough briefs from the parties. It is clear, after close scrutiny of the record, that determination of the issues here requires only application of legal analysis and, therefore summary deposition is appropriate. *See, Super Products Corp. v. D P Way Corp.*, 546 F.2d 748 (7th Cir. 1976).

■ While there is no question that, under Fed.R.Civ.P. 56, summary judgment is warranted only when no genuine question of material fact exists, summary judgment may be granted in patent cases involving issues of validity and enforceability where the technical aspects of the invention are not difficult for one unskilled in the art to understand, where there is no need for expert testimony and where the record is sufficient. *See,* 6 Moore's Federal Practice ¶ 56–17[44] at 56–987, 56–992–993, 56–998–1000 (2nd ed. 1979).

■ A patent is presumed valid. 35 U.S.C. § 282. This statutory presumption shifts the burden on the party claiming invalidity to overcome the presumption by clear and convincing evidence of invalidity. If the party challenging validity relies on prior art references, or their equivalent, which were considered by the examiner during the proceeding before the Patent Office, the presumption is strengthened. *Laser Alignment, Inc. v. Woodruff & Sons, Inc.*, 491 F.2d 866 (7th Cir.) *cert. denied*, 419 U.S. 874, 95 S.Ct. 135, 42 L.Ed.2d 113 (1974). On the other hand, the presumption is defeated with respect to prior art not before the Patent Office. *Republic Industries, Inc. v. Schlage Lock Co.*, 592 F.2d 963 (7th Cir. 1979).

■ It is crucial to the strength of the presumption of validity that the most relevant prior art was brought to the attention of the Examiner before the granting of the patent. *Henry Manufacturing Co. v. Commercial Filters Corp.*, 489 F.2d 1008 (7th Cir. 1972). Omissions of significant prior art may weaken or even negate this presumption. *Chicago Rawhide Manufacturing Co. v. Crane Packing Co.*, 523 F.2d 452 (7th Cir.) *cert. denied*, 423 U.S. 1091, 96 S.Ct. 887, 47 L.Ed.2d 103 (1975). Moreover, it is clear that a device does not have to be patented to be prior art. *Hazeltine Research, Inc. v. Brenner*, 382 U.S. 252, 86 S.Ct. 335, 15 L.Ed.2d 304 (1965), *rehearing*

**58**

*denied*, 382 U.S. 1000, 86 S.Ct. 527, 15 L.Ed.2d 489 (1966). ·

■ In this case the presumption of validity is undercut by several facts, and thus, is entitled to little or no weight. First, both parties concede that the Cohen structure is the most relevant prior art. Yet, although MLA contends that the Examiner knew of the Cohen structure through written and oral communication with MLA's attorneys and by examining the files of relevant pending applications before issuing the patent, the Cohen structure was never cited on the file wrapper. Certainly, if Cohen is the most relevant prior art and the Examiner had considered it, logic dictates that it would have been cited on the file wrapper.[5] Second, the Patent Office was not informed that the Cohen structure had been sold thirteen months before the filing of the Scordato application. It is clear that the Examiner did not make an unequivocal initial finding of patentability as against all relevant prior art which gives rise to a strong presumption of validity. *Laser Alignment, Inc. v. Woodruff & Sons, Inc.*, 491 F.2d 866 (7th Cir.) *cert. denied*, 419 U.S. 874, 95 S.Ct. 135, 42 L.Ed.2d 113 (1974). Finally, the initial rejection by the Patent Office of the first series of claims on the grounds of obviousness dilutes the presumption of validity. This is particularly so when, as here, the amended claims simply redefine the device with respect to an enhancing effect rather than an essential function. *Burland v. Trippe Manufacturing Co.*, 543 F.2d 588 (7th Cir.1976).

■ The next consideration is the legal issue of obviousness. Under 35 U.S.C. § 103, a patent is invalid on the basis of obviousness if "the differences between the subject matter sought to be patented and the prior art are such that the subject mat-

ter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains." Whether an invention is obvious is a question of law which must be resolved on the basis of factual inquiries as to the scope and content of prior art, the differences between prior art and the level of the claims at issue and the level of ordinary skill in the pertinent art. *Popeil Brothers, Inc. v. Schick Electric, Inc.*, 494 F.2d 162 (7th Cir. 1974). In situations where, as here, these facts are undisputed and the court has examined all pertinent prior art, the issue of obviousness is capable of summary disposition. *Beatrice Foods Co. v. Tsuyama Manufacturing Co.*, 619 F.2d 3 (7th Cir. 1979).

The magistrate concluded that three previous patents and the Cohen structure made the Scordato patent obvious. He found that the Scordato patent merely added depending walls and shoulders taught by Cooke, Cease or Thomas to the Cohen structure.

The Cooke patent, U.S. Patent No. 3,356,-462, describes a one–piece molded plastic titration tray. The self–standing trays have depending walls with shoulders to facilitate stacking.

The Cease patent is a French patent, No. 1,475,924, which describes an invention for stacking food trays. The trays are supported one upon the other in a frame and are designed to hold food receptacles in an immovable position. The receptacles, which receive pre–cooked food and juices, are stacked to permit turnover of the contents onto a lid. The structure provides for sequential usage and turnover of the trays.

The third patent is Thomas, U.S. Patent No. 1,061,026, which was not cited during the proceedings before the Patent Office.

5. Labcon argues without support that 35 U.S.C. § 122 precludes the Examiner from citing the Cohen structure. Section 122 provides that no information concerning a patent application be disclosed without authority of the applicant or owner unless the disclosure is necessary to carry out the provisions of an Act of Congress or required by special circumstances. Nothing in the Act, however, prevents the Examiner from citing a co-–pending application while at the same time taking steps to insure its confidentiality. Moreover, it is difficult to understand why the Manual of Patent Examining Procedure would require the Examiner to consider the files of relevant pending applications if it did not contemplate citing these applications when they are relevant prior art.

Thomas discloses a compound piling arrangement for supporting communion trays. The trays have cup supporting surfaces with apertures through which cups can project. Each of the trays has walls provided with a shoulder, depending from the cup supporting surface, which support another tray.

■ Careful examination of the Scordato patent in the context of the prior art reveals that it is invalid as obvious under 35 U.S.C. § 103. Although MLA has attempted to create the illusion that the Scordato patent discloses substantial advances over prior art, the inwardly sloping walls above the shoulder, which is the sole independent claim, is merely a device used to facilitate production. Scordato himself testified that the sloping walls were added to create a draft for easy removal from the plastic mold. An improvement in the production process is analogous to the substitution of a superior material for an inferior one in a known device. Just as mere substitution of an improved material is not invention, particularly when the material is known in a different art, the borrowing of the draft concept which was already known in the plastics field is not an invention within the meaning of the patent laws, but merely an obvious design element suggested in the prior art. *See Centsable Products, Inc. v. Lemelson*, 591 F.2d 400 (7th Cir.) *cert. denied*, 444 U.S. 840, 100 S.Ct. 79, 62 L.Ed.2d 52 (1979).

■ Finally, MLA asserts that not only are some of the elements of its claim new, but also that its combination of known prior art elements produces a new result and a different functions than these elements have performed previously. This argument fails, for there are stringent requirements for establishing the validity of combination patents, and only a truly synergistic effect which produces a result greater than the sum of its parts warrants patent protection. *Sakraida v. Ag Pro, Inc.*, 425 U.S. 273, 96 S.Ct. 1532, 47 L.Ed.2d 784 (1976), *Harig Products, Inc. v. K. O. Lee Co.*, 594 F.2d 609 (7th Cir. 1979). The Scordato patent takes old elements utilizing known stacking and nesting principles, applies these principles to pipette trays, and adds the sloping walls. Each prior art element is being utilized in the same manner it was utilized in the past. Thus, this combination of known prior art elements does not rise to the level of invention. *St. Regis Paper Co. v. Bemis Co.*, 549 F.2d 833 (7th Cir. 1977).

Accordingly, the magistrate's final report and recommendation is adopted. The Scordato patent is invalid for obviousness. Therefore, summary judgment is granted in favor of the defendant. Each party is to bear its own costs.