CARLISLE CORPORATION,
a Plaintiff,

v.

Charles L. HAYES, an individual,
doing business as Hayes
Products, Defendant.

Charles L. HAYES, an individual, doing
business as CH PRODUCTS,
Counter-claimant,

v.

CARLISLE CORPORATION, a corpora-
tion, Counter-defendant.

Civ. No. 85–0912–R(IEG).

United States District Court,
S.D. California.

Jan. 13, 1986.
Memorandum Decision Jan. 28, 1986.

LeRoy T. Rahn and David D. Dillard, Christie, Parker & Hale, Pasadena, Cal., for plaintiff.

Albin H. Gess, Price, Gess & Ubell, Newport Beach, Cal., for defendant.

### ORDER

RHOADES, District Judge.

The motion for summary judgment pursuant to Rule 56 on the first amended counterclaim brought by defendant Joseph B. Hayes dba Hayes Products ("Hayes"), and the motion for summary judgment on the second and third amended counterclaims, or in the alternative, for separate trials pursuant to Rule 42(b) on the second and third counterclaims, and a stay of discovery, brought by plaintiff Carlisle Corporation ("Carlisle") came on regularly for hearing on December 16, 1985, before the Honorable John S. Rhoades. Defendant Hayes appeared by and through its counsel of record, Albin H. Gess and Price, Gess & Ubell; Plaintiff Carlisle appeared by and through its counsel of record, LeRoy T. Rahn, David A. Dillard and Christie, Parker & Hale.

Upon hearing argument and considering the record and authorities cited, the court took the matter under submission. After a further consideration of the record, authorities cited, and the transcript of the hearing, for reasons that shall be given in the forthcoming Memorandum Decision, the Court rules as follows:

### A. DEFENDANT HAYES' MOTION FOR SUMMARY JUDGMENT

1. Motion on the theory that U.S. Patent No. 4,490,710 issued to Kopsho, et al. ('710 patent) is invalid under 35 U.S.C. § 102 is *denied.*

2. Motion on the theory that the '710 patent is invalid under 35 U.S.C. § 103 is *denied.*

3. Motion on the theory that the '710 patent is unenforceable because it was obtained through "inequitable conduct" or fraud on the Patent & Trademark Office is *denied.*

### B. PLAINTIFF CARLISLE'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Carlisle's motion for summary judgment on the second and third amended counterclaims is *denied.*

### C. PLAINTIFF CARLISLE'S MOTION FOR SEPARATE TRIALS

Plaintiff Carlisle's motion for separate trials for the second and third amended counterclaims, and for a stay of discovery on these counterclaims is *granted.*

### D. PLAINTIFF CARLISLE'S MOTION FOR SANCTIONS

Plaintiff Carlisle's motion that the court levy sanctions against Hayes pursuant to Rule 11 is *denied.*

IT IS SO ORDERED.

### MEMORANDUM DECISION

Pursuant to the Order issued and filed on January 13, 1986, in the above-entitled action, the Court herein sets forth its reasons for its decision.

### BACKGROUND

Plaintiff Carlisle Corporation ("Carlisle") and defendant Charles B. Hayes d.b.a. Hayes Products ("Hayes") both seek summary judgment in this patent infringement case. This lawsuit involves computer joysticks, devices computer users employ to move a cursor from place to place on a computer display screen.

On November 5, 1982, Carlisle applied for, and on December 25, 1984, was issued U.S. Patent No. 4,490,710 for a "Control Stick Assembly" (the " '710 patent"). On July 22, 1983, Hayes applied for, and on December 18, 1984, was issued U.S. Patent No. 4,489,304 for a "Spring Disconnect Mechanism for Self Centering Multiple Axis Analog Control Stick" (the "Hayes patent").

Prior to the issuance of these patents, computer joysticks on the market generally operated in one of two modes. One kind was a "return-to-center" mode in which the joystick automatically springs back into the

center (or "neutral") position. These devices usually require some kind of spring mechanism. There were also joysticks that employed a "free-floating" mode. When released, these joysticks do not spring back into the neutral position but rather remain in the position at which they were released. Both the '710 patent and the Hayes patent provide a convenient means by which the user may switch between the two modes automatically.

Upon learning of the Hayes patent, Carlisle filed the complaint in this action for patent infringement and declaratory judgment. The complaint set forth two claims: First, that the Hayes patent infringed the '710 patent; second, for a declaratory judgment that the Hayes patent interferes with the '710 patent and therefore is unenforceable. Subsequently, Hayes dedicated his patent to the public, and the parties stipulated to a dismissal of this second claim.

Defendant answered and counterclaimed. Hayes' amended counterclaim sets forth three counterclaims: First, that the '710 patent is invalid and unenforceable; second, in a counterclaim based on Section 2 of the Sherman Act, Hayes alleged that Carlisle had attempted to monopolize the market for "joystick control devices" by attempting to enforce the '710 patent, which Hayes claims was obtained through fraud on the Patent & Trademark Office ("PTO"); third, an unfair competition counterclaim under state law, which is based upon the same facts as alleged in the Sherman antitrust claim.

It is Hayes' contention that Carlisle perpetrated its fraud on the PTO by knowingly and intentionally withholding material prior art from the Patent Examiner. In essence, Hayes alleges that Carlisle withheld from the PTO information on patents for certain "dual function" joysticks, i.e., joysticks that operate in two modes like the '710 patent and the Hayes patent. In particular, in his moving papers Hayes refers to two types of "dual function" joysticks which he maintains are material prior art. First, there are several patents for

joysticks that employ an adjustable "friction clutch mechanism" and a spring centering mechanism. By adjusting the friction clutch mechanism, the force of the spring return mechanism is neutralized, allowing the joystick to attain a "free-floating" mode. In the second kind of withheld prior art, a joystick with a spring return-to-center mechanism was accompanied by written instructions on how to take apart the back of the joystick and remove the centering mechanism manually so that the joystick can be converted into the "free-floating" mode.

Carlisle does not dispute that it knew of this prior art, nor does it dispute that it did not disclose certain of the prior art to the PTO. However, Carlisle does dispute that the allegedly withheld prior art was material, and has also raised a question as to its intent in withholding the prior act.

## THE INSTANT MOTIONS

Defendant Hayes moves for summary judgment on the first amended counterclaim, a declaratory judgment action seeking a finding that the '710 patent is invalid and unenforceable. In his moving papers, Hayes presents three theories: First, that the '710 patent is invalid because certain of its claims were "anticipated" by the prior art under 35 U.S.C. § 102; second, that the '710 patent is invalid because all of its claims are "obvious" under 35 U.S.C. § 103 to "a person of ordinary skill in the art;" and third, that the '710 patent is unenforceable because Carlisle breached its duty of candor to the PTO by failing to disclose material prior art.

Plaintiff Carlisle moves for summary judgment on the second and third counterclaims, i.e., the Sherman antitrust claim and the state unfair competition claim. In the alternative, Carlisle asks the Court to apply Federal Rule of Civil Procedure 42(b) and order the second and third counterclaims tried separately, and to stay discovery on these counterclaims. Finally, Carlisle has moved the Court to levy sanctions against Hayes under Federal Rule of Civil Procedure 11.

## DISCUSSION

### A. SUMMARY JUDGMENT STANDARDS

Generally, courts do not grant summary judgment motions in patent or antitrust litigation. *See Poller v. C.B.S., Inc.*, 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962); *Vermont Structural Slate Co. v. Tatko Bros. Slate Co.*, 233 F.2d 9 (2d Cir.), *cert. denied*, 352 U.S. 917, 77 S.Ct. 216, 1 L.Ed.2d 123 (1956); 10A Wright & Miller, *Federal Practice & Procedure* § 2732.1 (2d ed. 1983). The reasons usually given are that antitrust actions involve questions of intent of the alleged monopolizer, and patent cases often involve complex technical matters which are better given over to the testimony of experts at a trial. *Id.* Nevertheless, summary judgment is appropriate in patent cases under certain circumstances. *Union Carbide Corp. v. American Can Co.*, 724 F.2d 1567, 1571, (Fed.Cir. 1984); *Chore-Time Equipment, Inc. v. Cumberland Corp.*, 713 F.2d 774, 778–79 (Fed.Cir.1983). However, these circumstances are limited to cases where the principles involved are simple and the district judge determines that expert testimony is not necessary. *Id.; Medical Laboratory Automation, Inc. v. Labcon, Inc.*, 500 F.Supp. 54, 57 (N.D.Ill.), *aff'd*, 670 F.2d 671 (7th Cir.1981). Moreover, whether expert testimony is necessary in a particular case is firmly within the discretion of the district court. *Seattle Box Co., Inc. v. Industrial Crating & Packing, Inc.*, 731 F.2d 818, 826 (Fed.Cir.1984); *Crom Corporation v. Crom*, 677 F.2d 48, 50 (9th Cir. 1982).

■ If a court determines that a patent case is susceptible to summary disposition, then Fed.R.Civ.P. 56 should be applied in accordance with the same standards as are applicable in any other type of suit. *Union Carbide, supra*, 724 F.2d at 1571. Rule 56(c) of the Federal Rules of Civil Procedure provides that the court shall render a summary judgment if the papers submitted "show [1] that there is no genuine issue as to any material fact and [2] that the moving party is entitled to a judgment as a matter of law." The moving party has the burden of demonstrating that summary judgment is proper. *Adickes v. S.H. Kress Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); *International Union of Bricklayers v. Martin Jaska, Inc.*, 752 F.2d 1401, 1405 (9th Cir.1985). In considering a motion for summary judgment, the court must view the evidence in the light most favorable to the nonmoving party. *Adickes, supra*, 398 U.S. at 144, 90 S.Ct. at 1598; *Lew v. Kona Hospital*, 754 F.2d 1420, 1423 (9th Cir.1985); *Bricklayers, supra*, 752 F.2d at 1404.

Summary judgment is not proper if the parties dispute the inferences that should be drawn from uncontested facts. *Bricklayers, supra*, 752 F.2d at 1405. In addition, summary judgment rarely is appropriate when a party's intent or motive is at issue. *Atkins v. Union Pacific Railroad*, 685 F.2d 1146, 1149 (9th Cir.1982). Summary judgment is particularly inappropriate when credibility is at issue. *Securities & Exchange Comm'n v. Koracorp Industries*, 575 F.2d 692, 699 (9th Cir.), *cert. denied*, 439 U.S. 953, 99 S.Ct. 348, 58 L.Ed.2d 343 (1978).

### B. HAYES' MOTION FOR SUMMARY JUDGMENT

Defendant Hayes seeks summary judgment as to the first amended counterclaim on three theories. Defendant Hayes has failed to meet his burden as the moving party under any of these theories. Consequently, Hayes' motion for summary judgment must be denied.

#### 1. *Invalidity of the '710 Patent Under 35 U.S.C. § 102.*

■ There is a strong presumption that a patent is valid. 35 U.S.C. § 282. The burden of establishing invalidity rests on the party asserting such invalidity. *Id.* The Court of Appeals for the Federal Circuit has discussed this burden:

The two sentences of the original § 282, which, though added to, have not been changed, amount in substance to different statements of the same thing: the

burden is on the attacker. And, as this court has been saying in other cases, that burden never shifts.

*American Hoist & Derrick Co. v. Sowa & Sons, Inc.*, 725 F.2d 1350, 1359 (Fed.Cir.), *cert. denied,* —— U.S. ——, 105 S.Ct. 95, 83 L.Ed.2d 41 (1984). In *Kalman v. Kimberly-Clark Corporation,* 713 F.2d 760, 771 (Fed.Cir.1983), *cert. denied.,* 465 U.S. 1026, 104 S.Ct. 1284, 79 L.Ed.2d 687 (1984), the court stated that a person who seeks a ruling that a patent claim is anticipated under 35 U.S.C. § 102 "must show that each element of the claim in issue is found, either expressly described or under principles of inherency, in a single prior art reference, . . . ." Hayes has failed to meet this rather stiff burden of overcoming the '710 patent's presumption of validity. 35 U.S.C. § 282.

### 2. *Invalidity of the '710 Patent Under 35 U.S.C. § 103.*

■ The question of whether a patent is "obvious" and therefore invalid under 35 U.S.C. § 103 is a question of law. *Graham v. John Deere Co.*, 383 U.S. 1, 17, 86 S.Ct. 684, 693, 15 L.Ed.2d 545 (1966). However, the Court in *Graham* held that the question of obviousness lends itself to three basic factual inquiries:

> Under § 103, the scope and content of the prior art are to be determined; differences between the prior art and the claims at issue are to be ascertained; and the level of ordinary skill in the pertinent art resolved. Against this background, obviousness or nonobviousness of the subject matter is determined.

*Graham, supra,* 383 U.S. at 17, 86 S.Ct. at 694. Without determining whether the first two factual underpinnings have been complied with, it is the Court's opinion that the basic factual inquiry of what constitutes the level of ordinary skill in the art has not been satisfied.

■ Counsel for Hayes has stated that there was authority that "a court is the lowest standard of skill around, and if a court . . . thinks something is obvious, then that standard of skill is sufficient and a court has a right to make that determina-

tion." Hearing Transcript at p. 44, lines 7–13. Indeed, where references to the inventions are easily understood without expert testimony the Federal Circuit has approved a "level of skill of a layman" standard. *Union Carbide, supra,* 724 F.2d at 1573; *Chore-Time, supra,* 713 F.2d at 779. This standard is in fact more favorable to the patent holder. *Id.* However, there are several potential pitfalls when a district judge decides to apply such a standard, not the least of which is that quite simply it may not be the appropriate standard. *See, e.g., Panduit Corp. v. Dennison Mfg. Co.,* 774 F.2d 1082, 227 U.S.P.Q. 337, 342 (Fed. Cir.1985). The Court is not convinced that the "level of skill of a layman" standard should be applied in this case. Accordingly, absent a showing of what constitutes the level of ordinary skill in the art, Hayes's motion for summary judgment on the theory that the '710 patent is obvious must be denied.

### 3. *Unenforceability of the '710 Patent Because of Fraud on the PTO ("Inequitable Conduct").*

■ The test for "inequitable conduct" or fraud on the PTO is found in *Orthopedic Equipment, Inc. v. All Orthopedic Appliances,* 707 F.2d 1376, 1383 (Fed.Cir. 1983):

> Establishing that a patent was procured by fraud or with such egregious conduct as to render it unenforceable requires clear, unequivocal, and convincing evidence of an intentional misrepresentation or withholding of a material fact from the PTO.

The Federal Circuit elaborated on this test in *J.P. Stevens & Co. v. Lex Tex Ltd., Inc.,* 747 F.2d 1553, 1559–60 (Fed.Cir.1984):

> 'Inequitable conduct' requires proof by clear and convincing evidence of a threshold degree of materiality of the non-disclosed or false information. . . . 'Inequitable conduct' also requires proof of a threshold intent. . . . Once the thresholds of materiality and intent are established, the court must balance them

and determine as a matter of law whether the scales tilt to a conclusion that inequitable conduct occurred.

In this case, the burden is on Hayes to show that:

(1) The prior art that was alleged not disclosed is material; *and*

(2) That Carlisle intended to withhold the material art.

Materiality and intent are factual issues. *J.P. Stevens, supra,* 747 F.2d at 1562. It is only after these two elements have been established that the court balances them as a matter of law. *Id.* at 1560.

■ Both materiality and intent are very much at issue in this lawsuit. Summary judgment is inappropriate when a party's motive or intent is at issue. *Atkins, supra,* 685 F.2d at 1149. Moreover, the fact that the Court has found only one case in which summary judgment has been granted on a theory of "inequitable conduct" suggests that summary judgment is a particularly inappropriate remedy in this instance. *Point Plastics, Inc. v. Rainin Instrument Co., Inc.,* 225 U.S.P.Q. 519 (N.D. Cal.1984) (On summary judgment motion, court finds inequitable conduct in the prosecution of a design patent because the patentee failed to disclose any prior art, although there existed several prior patents that were material).

Accordingly, Hayes' motion for summary judgment on the theory that the '710 patent is unenforceable because it was obtained by inequitable conduct, is denied.

## C. CARLISLE'S MOTION FOR SUMMARY JUDGMENT

■ Carlisle seeks summary judgment as to Hayes' second and third counterclaims which are based respectively on the Sherman Antitrust Act and state unfair competition law. Both of these counterclaims depend upon a finding of inequitable conduct in the prosecution of the '710 patent. The court recognizes that although inequitable conduct or fraud on the PTO may be proved by a showing of gross negligence, an antitrust violation may not. The

Federal Circuit in *American Hoist, supra,* 725 F.2d at 1368, held:

> Further, with respect to the attempt-to-monopolize counterclaim based on fraud, we emphasize that a specific intent, greater than an intent evidenced by gross negligence or recklessness, is an indispensable element.

■ In its moving papers, Carlisle argues that this higher standard of "specific intent" cannot possibly be inferred from the facts before the Court. However, as discussed in the section of this order on Hayes' motion for summary judgment based on an inequitable conduct theory, summary judgment is a particularly inappropriate remedy where a claim or counterclaim is based on a theory of "inequitable conduct." Consequently, plaintiff's motion for summary judgment is denied.

## D. CARLISLE'S MOTION IN THE ALTERNATIVE TO HAVE THE SECOND AND THIRD COUNTERCLAIMS TRIED SEPARATELY, AND TO STAY DISCOVERY ON THESE COUNTERCLAIMS

■ Carlisle moves the court under Federal Rule of Civil Procedure 42(b) to order separate trials for the second and third counterclaims and to stay discovery on these matters. The question of whether separate trials are warranted is within the discretion of the court. *Pharmacia, AB v. Hybritech, Inc.,* 224 U.S.P.Q. 975 (S.D.Cal. 1984). This Court feels that Judge Turrentine's reasoning in the *Pharmacia* case is particularly on point:

> [M]ost of the antitrust counterclaims asserted by Hybritech, Inc. are founded upon Hybritech, Inc.'s assertion that plaintiff committed a fraud upon the United States Patent Office when it obtained its patent. This claim will be decided in the first trial of the patent infringement and patent validity issues. Thus trial of most of the antitrust counterclaims may be obviated. In view of the extensive and protracted discovery inherent in trial of the antitrust issues,

this is a particularly advantageous result.

*Pharmacia, supra*, 224 U.S.P.Q. at 976. Accordingly, Carlisle's motion for separate trials and stay of discovery is granted.

### E. CARLISLE'S MOTION THAT THE COURT LEVY SANCTIONS AGAINST HAYES UNDER FEDERAL RULE OF CIVIL PROCEDURE 11

In its Opposition to Defendant Hayes' motion for summary judgment, Carlisle argues that pursuant to Fed.R.Civ.P. 11, sanctions should be levied against Hayes for bringing what Carlisle characterizes as a "frivolous motion." Opposition at pp. 24–31. Rule 11 requires the attorney to sign every "pleading, motion, or other paper...." The signature

> constitutes a certificate [by the attorney] that he has read the ... motion ...; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law ... and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation....

Rule 11 provides that if a pleading, motion or other paper is signed in violation of Rule 11, the court "shall impose upon the person who signed it, a represented party, or both, an appropriate sanction...."

The Court is not convinced at this time that sanctions should be levied against Hayes under Rule 11. Accordingly, no sanctions will be levied against Hayes at this time.

IT IS SO ORDERED.