**HARRINGTON MANUFACTURING COMPANY, INC., Appellee,**

v.

**TAYLOR TOBACCO ENTERPRISES, INC., et al., Appellants.**

**HARRINGTON MANUFACTURING COMPANY, INC., Appellant,**

v.

**TAYLOR TOBACCO ENTERPRISES, INC., et al., Appellees.**

**Nos. 81–1030, 81–1031.**

United States Court of Appeals, Fourth Circuit.

Argued Aug. 6, 1981.

Decided Nov. 25, 1981.

G. Franklin Rothwell, Washington, D. C. (Cynthia E. O. Clarke, Sughrue, Rothwell, Mion, Zinn & Macpeak, Washington, D. C., Dale P. Johnson, Chambliss, Paderick, Warrick & Johnson, Clinton, N. C., on brief), for appellants in No. 81–1030 and for appellees in No. 81–1031.

Harvey B. Jacobson, Jr. (Michael R. Slobasky, Fleit & Jacobson, Washington, D. C.,

Lindsay C. Warren, Jr., Taylor, Warren, Kerr & Walker, Goldsboro, N. C., on brief), for appellee in No. 81–1030 and for appellant in No. 81–1031.

Before RUSSELL, WIDENER and HALL, Circuit Judges.

WIDENER, Circuit Judge:

In this patent case, Harrington Manufacturing Company sued Taylor Tobacco Enterprises for patent infringement on account of two machines, manufactured and sold by Taylor, which harvest flue-cured tobacco.

Harrington's suit as it comes to us rests upon claim 8 of U. S. Patent No. 3,507,103 (Pickett '103) and claims 1 through 8 of U. S. Patent No. 3,902,304 (Mitchell '304). The questions of validity of those patents and infringement thereof by Taylor were submitted to a jury, which found claim 8 of Pickett '103 valid and infringed, and fixed damages. The jury also found that one of the accused Taylor devices infringed certain claims of Mitchell '304, but not others, and was unable to decide whether claim 1 of Mitchell '304 was so infringed.[1] The other claims (2–8 incl.) of Mitchell '304, however, were subsidiary claims and depended on claim 1. The jury also found that claim 1 of Mitchell '304 was valid.

The district court entered judgment in accordance with the jury verdict in favor of Harrington on account of claim 8 of Pickett '103, including damages and injunctive relief, but set aside the jury's verdict with respect to all matters concerning Mitchell '304 and ordered a new trial with respect to that patent. Compliance with FRCP 54(b) and the injunctive relief granted permit this appeal.

On appeal, Taylor claims that the ultimate question of patent validity should not have been submitted to the jury; that claim 8 of Pickett '103 was invalid as a matter of law; that there were errors in the admitting and excluding of evidence; and that there were errors in the charge to the jury as well as in the court's refusal to instruct as requested.

■ We believe it was not reversible error for the district court to submit the ultimate legal issue of patent validity to the jury. We have approved the submission of the ultimate question of obviousness to the jury under 35 U.S.C. § 103 in *Tights, Inc. v. Acme-McCrary*, 541 F.2d 1047 (4th Cir. 1976), and think the submission in this case is not significantly different. The district court correctly charged the jury as to all aspects of the case including the standards it should follow and fairly submitted the case to the jury. The mere fact that the case might have been submitted in a different way with different questions making up the jury's special verdict is no ground for reversal when the case has been fairly submitted to the jury as this one was.

■ We are also of opinion the evidence justified the submission of the case to the jury and that the district court did not err when it declined to hold claim 8 of Pickett '103 to be invalid as a matter of law.

We think there was no reversible error in the district court's rulings on evidence or on instructions to the jury, only one of which deserves brief mention.

■ The district court instructed the jury that Taylor's burden of proving invalidity was by clear and convincing evidence, apparently following a model instruction adopted by the Fifth Circuit. While our opinion should not be read as approval of that model instruction or the adoption thereof, we do not think the instruction given, when read as a whole, was in such substantial variance from the rule in this circuit requiring "clear proof" that the judgment should be disturbed. *Gulf Smokeless Coal Co. v. Sutton, Steele & Steele*, 35 F.2d 433 (4th Cir. 1929). See also *Smith v. Hall*, 301 U.S. 216, 232–233, 57 S.Ct. 711, 718, 81 L.Ed. 1049 (1937), and *Radio Corp. v. Radio Laboratories*, 293 U.S.

---

1. The jury also was unable to decide whether the second accused device infringed any of the claims of Mitchell '304.

1, 7, 55 S.Ct. 928, 930, 79 L.Ed. 163 (1934), which are consistent with *Gulf Smokeless.*

On cross-appeal, Harrington contends that the finding of the jury that claim 1 of Mitchell '304 was valid should have had judgment entered thereupon from which it would follow that the subsidiary claims were valid, thus leaving only the question of infringement for consideration in a new trial. We are of opinion the district court did not abuse its discretion in setting aside the verdict with respect to Mitchell '304, the verdict returned being only as to a part of the issues tried.

The judgment of the district court is accordingly.

AFFIRMED.