The CROM CORPORATION, Plaintiff-Appellee, Cross-Appellant,

v.

John M. CROM, Jr., and Crom Prestressing, Inc., Defendants-Appellants, Cross-Appellees.

Nos. 80-4434, 80-4466.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 18, 1982.

Decided May 12, 1982.

---

* Honorable Clement F. Haynsworth, Jr., Senior United States Circuit Judge for the Fourth Circuit, Sitting by Designation.

John M. Calimafde, Hopgood, Calimafde, Kalil, Blaustein & Judlowe, New York City, for defendants-appellants, cross-appellees.

James H. Marsh, Jr., Ward, Lalos, Leeds, Keegan & Lett, Washington, D. C., for Crom Corp.

Before HAYNSWORTH,* Senior Circuit Judge, MERRILL, Senior Circuit Judge, and WALLACE, Circuit Judge.

HAYNSWORTH, Senior Circuit Judge:

Two brothers who had once worked together in a family corporation in Florida came to a parting of the ways, and their separate ways brought them into hot litigation in the United States District Court for the District of Nevada over patent rights. In a jury trial, the old Florida corporation prevailed, obtaining a declaratory judgment that the defendants may not assert the disputed patent against the plaintiff corporation.

The Crom Corporation was engaged in the business of constructing large water tanks made of interlocking, vertically arranged steel panels, upon either side of which a cement covering was applied. A sealing material was placed by hand in the interlocking joints before application of the cement surfaces, but leaking at the joints was a substantial problem. In 1961 the two brothers together developed a concept of so shaping the interlocking edges of the steel plates as to form an interior channel into which a sealant might be pumped. The first attempt to practice the concept proved a failure, however, for during the application of the cement, some of the cement entered the channels at places and blocked them.

---

* Honorable Clement F. Haynsworth, Jr., Senior Circuit Judge for the United States Court of Appeals for the Fourth Circuit, sitting by designation.

Before the first attempt to practice the concept, John Crom left Florida to establish a western office of the corporation. In 1964 he severed his relationship with the corporation, and since then has been the sole owner of Crom Prestressing, Inc., a Florida corporation having its principal place of business in Nevada, where John Crom now lives. It is engaged in the business of constructing large water tanks.

Apparently each of the brothers continued to toy with the concept of the sealant pumping after application of the cement surfaces. John developed a process of keeping the channel open and available for cleaning after application of one cement surface, and blocking it with removable material during the application of the second cement surface. He then obtained a patent upon the entire process. This became the basis of threatened patent infringement suits against the Crom Corporation which had also devised a means for clearing the channels. The threatened suit for alleged patent infringement provoked this action by the Crom Corporation for a declaratory judgment that the patent was invalid or not infringed, that Theodore Crom was a joint inventor with John, and that, in any event, the Crom Corporation had shop rights to practice the invention or that there was an estoppel against John Crom's assertion of the patent against the corporation. It won on the latter and related claims, obtaining a declaratory judgment that the defendants could not assert the patent claims against the plaintiff.

## I.

At trial there was agreement that the ultimate question was whether or not the claims of the patent covered the concept described in the 1961 letter to patent counsel and a related drawing. There was agreement upon a special interrogatory for submission to the jury, and the jury answered that there was such coverage. In their answer, the defendants had demanded a jury trial, and at trial they had participated in the agreed submission of the ultimate question to the jury. Now, however, it is contended that the ultimate question was purely legal and should have been decided by the court and not by the jury.

Questions of patent validity and coverage are usually for the court, but the submission of such questions to a jury has been held by the United States Court of Appeals for the Fourth Circuit to be appropriate in some instances. *Harrington Manufacturing Company, Inc. v. Taylor Tobacco Enterprises*, 664 F.2d 938 (4th Cir. 1981). Surely, when the defendants had demanded a jury and the parties had agreed upon the form of submission, there was no judicial error in the submission of the question to the jury.

## II.

The plaintiff presented an experienced practitioner and lecturer in the field of patent law as an expert witness. The defendants objected that his anticipated testimony would embrace the ultimate question for determination by the jury. The district judge overruled the objection on the basis of Fed.R.Evid. 702. He found that the expression of such an expert opinion would be of assistance to the trier of fact. That determination was well within the discretion vested in him by the rule.

Some of the questions to which the defendants now object most vociferously were actually questions put by defense counsel on cross-examination. There was no specific objection to any question. Some of the answers were apparently unexpected by defense counsel, but unexpectedness in the answers furnishes no basis for a post-judgment objection to the questions.

On appeal, the principal objection to the testimony of the expert witness is founded upon the fact that he had no expertise in the construction of water tanks. His bachelor degree was in Electrical Engineering, but he had long training and experience in patent law. Notwithstanding his lack of experience in the construction of water tanks, he was highly qualified to testify about the interpretation and application of patent claims.

In the instructions to the jury, the district court left to it the determination of what weight to give to the expert's testimony. His lack of experience in the construction of water tanks was one of the things specifically mentioned for the jury's consideration in assessing the weight to be given his testimony.

### III.

The defendants also complain about the denial of the motion for a new trial made upon the ground that the verdict was against the weight of the testimony.

The defendants did not make a motion for a directed verdict at the close of all the testimony. They are not in a position to complain of the submission of the question to the jury. Nevertheless, if we assume, as they contend, that they were entitled to seek to have the district judge exercise his discretion to grant a new trial upon the ground that the verdict had gone against the great weight of the testimony, there still was no error in the denial of the motion. The case was, indeed, largely a legal dispute arising out of largely undisputed facts. The defendants' lament is principally an unhappiness with the answers they obtained.

### IV.

 The plaintiff seeks attorneys' fees, both here and in the district court. It is charged that the appeal here is frivolous, while it asserts that it was entitled to legal fees in the district court on the basis of 35 U.S.C. § 285.

The claim that this was an exceptional case within the meaning of § 285 is premised primarily upon the fact that there was no disclosure to the Patent Office of the joint participation of Theodore Crom in the work done in 1961. The dispute arises, however, out of very different interpretations of the relevance and bearing of the joint work of the brothers in 1961. The defendants are at least entitled to their view that the inventive step was the later one which provided a means for clearing the channels. Disclosure of the earlier work would have been appropriate, but we do not think that the failure to disclose was so highly outrageous as to deprive the district judge of all discretion in deciding whether or not this was an exceptional case within the meaning of the statute.

Nor do we find this a case for the allowance of legal fees for the appeal. Our decision goes against the appellants, but we are not prepared to say that the appeal in this hotly contested case was so frivolous as to warrant the imposition of legal fees.

AFFIRMED.